# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DOUGLAS HAWKINS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09CV00024 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JOHNSTON MEMORIAL** ) | By: James P. Jones |
| **HOSPITAL, INC.,** ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

*S.D. Roberts Moore, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, and Michael F. Gibson, Gibson, Lefler & Associates, Princeton, West Virginia, for Plaintiff; John T. Jessee and Powell M. Leitch, III, LeClairRyan, A Professional Corporation, Roanoke, Virginia, for Defendant.*

In this personal injury case, the defendant seeks to be relieved of an Offer of Judgment under Rule 68, which it attempted to revoke as soon as it learned that the plaintiff had been receiving narcotic pain medication from multiple doctors, contrary to representations made in discovery. Based on the unusual circumstances, I will allow the defendant to revoke the offer.

The basic facts are not in dispute.

The plaintiff, Douglas Hawkins, claims that while he was a patient at defendant Johnston Memorial Hospital, Inc. (the "Hospital") in 2005, recovering from knee replacement surgery, he became seriously infected from an unsanitary shower in his

patient room, resulting in his knee surgery having to be repeated. He contends that the infection causes him continuing pain and discomfort and medical expense.

Suit was first filed on August 10, 2007. In the course of discovery, the Hospital served interrogatories and requests for production of documents, which asked, among other things, for the identification of all health care providers who had examined or provided care to Hawkins since the date of the incident in question and production of all medical records from the health providers so identified.

In response, the plaintiff identified Timothy McGarry, M.D., the knee surgeon, and produced medical records relating to Dr. McGarry's treatment of the plaintiff. From these records, the defendant also learned of the existence of some other providers, and obtained, through medical authorizations provided by Hawkins, records from those providers.

Trial was set to begin on January 27, 2009, but shortly before the scheduled trial, the parties agreed to a dismissal of the case without prejudice, in order to allow them further time for trial preparation. The Complaint was refiled on January 29, 2009, and a new trial date was scheduled for March 30, 2010. On March 16, 2010, the Hospital served an Offer of Judgment on the plaintiff pursuant to Federal Rule of Civil Procedure 68, offering to accept judgment against it in the amount of $150,000.

In preparation for trial, the parties sought to stipulate the plaintiff's special medical damages. In the course thereof, on March 17, the day after service of the Offer of Judgment, counsel for the plaintiff provided pharmacy records to defense counsel that identified, for the first time, numerous prescriptions for narcotic pain medications from other doctors. During earlier discovery, the defendant had been provided a copy of a medical note from Dr. McGarry, the knee surgeon, dated February 12, 2009, showing that Dr. McGarry had asked Hawkins whether he was being provided pain medications from other sources, which Hawkins denied. The new records showed that in fact, Hawkins had been receiving narcotic pain medication from at least four other physicians.[1]

---

[1] The note by Dr. McGarry recites, in part, that

> Doug is seen today for evaluation of his right knee. Unfortunately, he continues to have pain.
>
> . . . .
>
> I checked with him again to make sure that this is the only office that has been prescribing his pain medication, and he reassures me that it is.
>
> . . . .
>
> I told him again that I am somewhat concerned regarding the pain medication he is taking, but he adamantly reports that he has had his blood work checked by his medical doctor and is having no problems with that, and this is the only regimen which controls his pain.

(Mem. Opposing Entry of J., Ex. D.)

On March 19, 2010, based on this disclosure, counsel for the Hospital advised defense counsel by voice and in writing that the Offer of Judgment was withdrawn. Counsel for the defendant also filed a Motion in Limine requesting the court to exclude any claim for pain and suffering or, in the alternative, to continue the trial and allow the defendant further discovery based on the new disclosures. A hearing on the Motion in Limine was noticed for March 23, 2010, at 3 P.M., and at 11:44 A.M. on that day, the plaintiff filed a Notice of Acceptance of Offer of Judgment.

At the hearing, counsel for the defendant objected to the entry of judgment. The trial date was cancelled and the parties were directed to brief the issues. At the suggestion of the court, the defendant also filed a Motion for Leave to Withdraw Offer of Judgment, to which the plaintiff has responded. The issues are thus ripe for decision.

The defendant contends, relying on *Colonial Penn Insurance Co. v. Coil*, 887 F.2d 1236 (4th Cir. 1989), that it has the right to withdraw an offer of judgment under Rule 68 based on "exceptional factual situations," and in particular, where the offer is procured by fraud, *id.* at 1240.

In response, the plaintiff argues that the *Coil* exception is narrow and that "the facts here are not exceptional." (Brief in Supp. of Acceptance of Offer of J. 6.) The plaintiff contends that all that has been established is "an unintentional failure to

produce some of the plaintiff's pharmacy records and expenses" and "once the oversight was brought to the attention of counsel . . . the mistake was corrected." (*Id.* at 7.) The plaintiff also contends that the court has no power to allow the Hospital to revoke its Offer of Judgment at this stage of the proceedings.

I find that it is clearly established that the defendant relied on the plaintiff's material misrepresentation about his medical history in making the Offer of Judgment. The Hospital has submitted a declaration of the claims handler for the Hospital's liability insurance carrier stating that the defense was unaware of the plaintiff's multiple prescriptions of narcotic pain medication, and that this information was "highly significant" to his claims of continued pain, as well as to his credibility, both of which are "critical issues in the case." (Margaret R. Miller Decl. ¶ 9, Apr. 1, 2010.) The new information had a "significant effect on the potential value of the case," and caused the insurance company to "immediately" direct that the Offer of Judgment be withdrawn. (*Id.* at ¶¶ 10, 11.)

The plaintiff has not disputed these facts with sworn declarations or affidavits of his own, but simply relies on his counsel's argument that the undisclosed information was an "oversight" that was "corrected."

The plaintiff's efforts to minimize the importance of the withheld information are pure and simple chutzpah. The likelihood that the plaintiff is a pill addict who has

lied to his physician about it, is, as the defendant properly characterizes it, a "bombshell." (Def.'s Response 1.) There is no doubt that it has a material impact on the litigation and its settlement value.

It is similarly difficult to accept that the misrepresentation here was unintentional. At the least, the circumstances show fraud by concealment or constructive fraud. *See Bank of Montreal v. Signet Bank*, 193 F.3d 818, 826-28 (4th Cir. 1999) (describing elements of various categories of fraud under Virginia law).

The plaintiff argues that the court has no authority to allow the defendant's offer to be withdrawn. While it is true that the terms of Rule 68 do not permit the revocation of an offer within the fourteen days allowed to the opposing party to accept the offer, *Coil* holds that the court has the "inherent supervisory power" to permit it. 887 F.2d at 1240.

As noted in *Coil*, even if judgment had been allowed in this case based upon the Offer of Judgment, a motion under Federal Rule of Civil Procedure 60(b) to set aside the judgment "undoubtedly would have been granted." *Id.* For example, in *Schultz v. Butcher*, 24 F.3d 626, 630-31 (4th Cir. 1994), the Fourth Circuit held that a Rule 60(b)(3) motion should have been granted on the basis of misconduct where plaintiff failed to turn over an important document in discovery. Apropos of the present dispute, the court stated that "we acknowledge the important consideration

of finality of judgments, but the fairness and integrity of the fact finding process is of greater concern and a party's failure to produce a requested document so favorable to an adversary impedes that process and requires redress in the form of a new trial." *Id.*

Of course, the court should not lightly set aside any judgment, nor permit an offer of judgment to be revoked without sufficient cause. The circumstances here, however, are clearly over the line and justify relief.

For the reasons stated, it is **ORDERED** that the defendant's Motion for Leave to Withdraw Offer of Judgment is GRANTED and the plaintiff's acceptance of the Offer of Judgment will not be enforced.

The Clerk is directed to reset this case for trial as soon as convenient. It is further **ORDERED** that the defendant is granted leave to conduct further discovery relevant to the newly revealed information described in this Opinion, including a supplemental deposition of the plaintiff; discovery is otherwise closed.

ENTER: May 5, 2010

/s/ JAMES P. JONES
Chief United States District Judge